# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Carpenter,                          :
                                            :
                    Petitioner              :
                                            :
            v.                              : No. 2357 C.D. 2014
                                            : Submitted: July 17, 2015
Workers' Compensation Appeal                :
Board (Commonwealth of                      :
Pennsylvania),                              :
                                            :
                    Respondent              :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  August 12, 2015**


            Raymond Carpenter (Claimant) petitions for review of the November

25, 2014 order of the Workers' Compensation Appeal Board (Board) that affirmed

the November 26, 2013 decision and order of the Workers' Compensation Judge

(WCJ). The WCJ denied Claimant's Reinstatement Petition under the Workers'

Compensation Act (Act)[1] because Claimant failed to demonstrate that his loss of

earnings was due to his original work injury.  Before this Court, Claimant argues

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

that the Board erred by denying his Reinstatement Petition and that the WCJ failed to issue a reasoned decision. For the following reasons, we affirm.[2]

On December 10, 2004, Claimant sustained a cervical strain during the course and scope of employment as a Parole Officer with the Commonwealth of Pennsylvania Department of Probation and Parole (Employer). (WCJ Decision, Findings of Fact (F.F.) ¶1.) Claimant returned to a restricted duty position with Employer, but after three months he received a medical retirement. (*Id*. ¶6b-c.) A few months after his medical retirement, around June 2006, Claimant began working for Friendly Transportation Company (Friendly Taxi) as an operations manager and Claimant worked in that position for approximately one year. (*Id*. ¶6d.) Claimant resigned his position with Friendly Taxi and, two to three weeks later, Claimant obtained a position with Franklin and Marshall College (F&M) as a part-time patrol officer. (*Id*. ¶1e.) Within a month, Claimant was hired as a full-time investigator and he held that position until he resigned on August 16, 2012. (*Id*. ¶1h.) On September 6, 2012, Claimant filed a Reinstatement Petition alleging that, as of August 16, 2012, his past work injury had caused a present decrease in earning power.[3] (Reinstatement Petition; WCJ Decision at 1.)

---

[2] This Court's review of an order of the Board is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 551 (Pa. 2010).

[3] Claimant also filed a Review Petition, which was granted by the WCJ in the November 26, 2013 decision and order. Accordingly, Claimant's work injury was expanded to include "post fusion syndrome and myofascial pain syndrome." (WCJ Decision and Order, Conclusion of Law (C.L.) ¶2.) In the same decision and order, the WCJ also denied Claimant's Penalty Petition because Claimant failed to produce sufficient evidence to demonstrate that the treatment provided to Claimant, to which Employer had denied payment, was causally related to his work injury. (*Id*., C.L. ¶4.) Neither party has sought review by this Court of the Board's affirmance of the WCJ's grant of the Review Petition or denial of the Penalty Petition.

Under Section 413(a) of the Act[4], a claimant who has had benefits suspended may seek to have the suspension lifted where the claimant has experienced a recurred loss of earnings. 77 P.S. § 772. Where a claimant is petitioning to have benefits reinstated, the causal connection between the claimant's disability and work-related injury is presumed. *Pieper v. Ametek–Thermox Instruments Division*, 584 A.2d 301, 305 (Pa. 1990). Under the Act, the word disability is synonymous with loss of earning power. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 640 A.2d 386, 391 (Pa. 1994); *Donahay v. Workers' Compensation Appeal Board (Skills of Central PA, Inc.)*, 109 A.3d 787, 792 (Pa. Cmwlth. 2015). To lift a suspension of benefits, Section 413(a) of the Act requires that a claimant demonstrate: (1) that the claimant's earning power is once again adversely affected by the disability; and (2) that the disability is a continuation of the disability that arose from the work-related injury. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 558 (Pa. 2010); *North Pittsburgh Drywall Co., Inc. v. Workers' Compensation Appeal Board (Owen)*, 59 A.3d 30, 38 n.10 (Pa. Cmwlth. 2013). In seeking to demonstrate that a reinstatement of benefits is required under

---

[4] Section 413(a) of the Act provides, in relevant part:

> A [WCJ]…may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its [WCJ], upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed….[W]here compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury[,]…payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. § 772.

3

the Act, it is not necessary that a claimant offer expert medical evidence to establish that the prior work-related injury continues; a claimant's credible testimony is sufficient. *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 642 A.2d 1083, 1085 (Pa. 1994); *Hinton v. Workers' Compensation Appeal Board (City of Philadelphia)*, 787 A.2d 453, 456 (Pa. Cmwlth. 2001). Once the claimant's burden is satisfied, the burden then shifts to the employer, who, in order to prevail, must demonstrate that the claimant's loss in earnings is not caused by the disability arising from the work-related injury. *Bufford*, 2 A.3d at 558; *Trevdan Building Supply v. Workers' Compensation Appeal Board (Pope)*, 9 A.3d 1221, 1224 (Pa. Cmwlth. 2010). An employer may meet this burden by demonstrating that, for example, the claimant's loss of earnings is due to the claimant's bad faith rejection of available work within the claimant's restrictions, rather than the claimant's continuing disability. *Id.*; *Verity v. Workers' Compensation Appeal Board (Malvern School)*, 38 A.3d 936, 942 (Pa. Cmwlth. 2011).

In the instant matter, the WCJ concluded that Claimant had not produced sufficient evidence to demonstrate that his earning power was once again adversely affected by his continued disability. (WCJ Decision, Conclusions of Law (C.L.) ¶3.) The Board affirmed, concluding that "there was no credited substantial, competent evidence to support Claimant's allegation that his condition had changed to the point that he was again disabled." (Board Decision at 5-6.) Claimant petitioned this Court for review. Before this Court, Claimant argues that the WCJ ignored uncontroverted evidence of record, which led the WCJ to err in concluding that Claimant had not met his burden under the Act, and that the WCJ failed to issue a reasoned decision.

4

In support of his Reinstatement Petition, Claimant testified before the WCJ on October 3, 2012, January 30, 2013, and August 5, 2013. (10/03/12 Hearing Testimony (H.T.); 01/30/13 H.T; 08/05/13 H.T.; WCJ Decision, F.F. ¶¶6, 7, 12.) Michael Rossano, the former Director of Public Safety and Chief of Police at F&M, who had been Claimant's supervisor, testified for Claimant by way of deposition on August 14, 2013. (Michael Rossano Deposition (Rossano Dep.); WCJ Decision, F.F. ¶11a-b.) Claimant also offered the testimony of his treating physician, Randy A. Cohen, D.O., who is board certified in physical medicine and rehabilitation and who testified by way of deposition on March 15, 2013.[5] (Randy A. Cohen, D.O., Deposition (Cohen Dep.); WCJ Decision, F.F. ¶8a.)

In the November 26, 2013 decision and order denying Claimant's Reinstatement Petition, the WCJ extensively reviewed Claimant's testimony and made findings of fact concerning each day of testimony. (WCJ Decision, F.F. ¶¶6a-k, 7a-m, 12a-h.) However, the WCJ ultimately did not find Claimant credible:

> 15. This Judge has had the opportunity to view the demeanor and comportment of Claimant during his live testimony in conjunction with all of the other evidence of record. Based on same, Claimant's testimony that his loss of earnings was due to his inability to continue to perform the physical duties of his investigative position at F&M from August 16, 2012 an[d] onward due to the work injury from 2004 is found not to be credible for the following reasons:
>
> > a. The "timing" of Claimant's decision to stop working at F&M is suspect. Claimant decided to stop working on

---

[5] Employer offered the testimony of Richard G. Schmidt, M.D., who is board certified in orthopedic surgery and who testified by way of deposition on May 31, 2013. (Richard G. Schmidt, M.D., Deposition (Schmidt Dep.); WCJ Decision, Findings of Fact (F.F.) ¶10a.) The WCJ did not find Dr. Schmidt's testimony credible. (WCJ Decision, F.F. ¶19.)

August 16, 2012, just the day after being reprimanded. It is not credible that the day after Claimant receives the reprimand, he is then all of a sudden unable to work any more due to the 2004 work injury, despite being able to do so for nearly five years at F&M.

b. This Judge also notes that Claimant at first testified that he stopped working at the dispatcher operations manager position at Friendly Taxi, by all accounts a sedentary job, because of the ongoing effects of his work injury. A few weeks later, Claimant then obtained a police officer position with F&M College. It is not credible that Claimant would leave a sedentary office position at Friendly Taxi due to his work injury, and then accept a police officer position, which according to Claimant can be physically demanding. It seems clear to this Judge that Claimant chose to leave the office position at Friendly Taxi, for reasons other than his work injury. Claimant ultimately conceded on cross examination that he stopped working at Friendly Taxi, at least in part, because he could not stand the people he was working for. Claimant's testimony that he left his positions at both Friendly Taxi and F&M primarily because of the ongoing effects of his work injury is not credible in light of the other issues he was having with these employers at the time he decided to stop working for these employers.

c. Claimant's investigative position does not appear to be physically demanding to the degree that Claimant could not perform the duties of this position due to his work injury. Mr. Rossano noted that Claimant's job involved mostly investigative or administrative work. While Claimant testified that as an investigator he still had to meet the same physical requirements of a regular police officer, in having the ability to jump out of a car and run, and lift up to 50 pounds, Mr. Rossano noted that he never gave Claimant a task that he did not think Claimant could perform. Mr. Rossano also stated that he never thought he was placing Claimant in harms [] way having him perform the duties of his investigative

6

position on the street. In fact, Claimant was given a stellar employment evaluation by Mr. Rossano in April in 2012, in which Claimant had "exceeded expectations." It does not make sense that just a few months later that Claimant went from being an employee who was exceeding expectations to someone who could no longer work, without any intervening incident. The only intervening incidents in the record around this time appear to be the departure of Mr. Rossano as Claimant's immediate supervisor in June of 2012 and the reprimand on August 15, 2012.

d. Claimant testified that he could not work his investigator job in part because of really bad headaches. No medical evidence, however, has been presented relating Claimant's headaches to the work injury from 2004.

e. Claimant's subjective complaints that he cannot perform the physical duties of his investigative position are not credible. As stated earlier, the duties of the investigative position do not appear to be too strenuous. Claimant testified that despite the work injury, he is able to drive, walk for up to an hour and to watch his great grand-child. A medical note from February 2011, indicates Claimant was able to walk 5 to 10 miles per day on cruise excursions. Dr. Cohen testified Claimant's pain levels had come down for a period of time to a three or four on a scale of one to ten, and Claimant himself noted that his pain had come down at times to a one or two on a scale of one to ten. All of these facts seem inconsistent with Claimant's subjective statement that he stopped working because he physically is unable to perform the duties of his investigative position.

(*Id*., F.F. ¶15a-c.) The WCJ also found that Dr. Cohen's testimony was not credible in part. Specifically, the WCJ found:

7

Dr. Cohen's opinion that Claimant is unable to perform any gainful employment as of August 16, 2012 because of Claimant's reported pain levels are not credible. As noted above, Claimant's subjective complaints that he is unable to work due to his pain levels is not credible. Dr. Cohen's opinion which is based on Claimant's subjective complaints, is likewise found to be incredible.

(*Id.*, F.F. ¶18.)

In advancing his argument that he produced sufficient evidence to demonstrate that his current loss of earning is due to his work injury, Claimant relies upon his testimony concerning the changes in his job duties at F&M and his worsening symptoms, as well as Dr. Cohen's testimony concerning Claimant's condition. In the WCJ's findings of fact the WCJ noted Claimant's testimony concerning the professionalization of the F&M police department, Claimant's concerns about passing a physical examination, and Claimant's description of pain and of the effects of the medications he is prescribed. (*Id.*, F.F. ¶¶6e-h, 7f, l-m, 12c-d, f.) The WCJ also thoroughly reviewed Dr. Cohen's testimony in the findings of fact and noted that "Dr. Cohen opined that Claimant has been unable to engage in any employment since August of 2012 because his pain levels have prohibited him from doing so." (*Id.*, F.F. ¶8s.)

As evident in the WCJ's findings of fact, the record contains testimony to support Claimant's argument that the changes in his job duties and his worsening condition demonstrate that his earning power is once again adversely affected by his continued disability. What Claimant's argument overlooks, however, is that the testimony offered was not accepted as credible and therefore is insufficient to meet Claimant's burden. In workers' compensation matters, the WCJ is the ultimate finder of fact and has exclusive province over questions of credibility. *Furnai v. Workers' Compensation Appeal Board (Temple Inland)*, 90

8

A.3d 53, 60 (Pa. Cmwlth. 2014). As the ultimate finder of fact, the WCJ is free to accept or reject any testimony, in whole or in part, and to weigh and resolve conflicts in the evidence of record. *Neff v. Workers' Compensation Appeal Board (Pennsylvania Game Commission)*, 109 A.3d 291, 296 (Pa. Cmwlth. 2015). The WCJ's credibility determinations are binding on this Court; at bottom, Claimant's argument amounts to a request to exercise authority that this Court does not have. The WCJ concluded that Claimant had failed to sustain his burden by demonstrating that his earning power is once again adversely affected by his continued disability and our review has identified no credible, competent evidence of record that demonstrates otherwise. Therefore, we conclude that the Board did not err by affirming the WCJ.

We also conclude that the WCJ's decision was a reasoned one. Section 422(a) of the Act[6] aids meaningful appellate review by requiring the WCJ to issue a reasoned decision containing findings of fact and conclusions of law

---

[6] The full text of Section 422(a) now reads as follows:

> Neither the board nor any of it members nor any [WCJ shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The [WCJ] shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834.

9

based upon the evidence as a whole and clearly stating the rationale for the decision. 77 P.S. § 834; *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003) ("a decision is 'reasoned' for purposes of Section 422(a) if it allows for adequate review by the [Board] without further elucidation and if it allows for adequate review by appellate courts"). When the WCJ is faced with conflicting evidence, section 422(a) of the Act further requires that the WCJ explain the basis for rejecting or discrediting competent evidence. 77 P.S. § 834; *Daniels*, 828 A.2d at 1052.

Claimant argues that the WCJ failed to make findings concerning the credibility of Mr. Rossano and that this failure precludes meaningful appellate review. As with the testimony given by Claimant and Dr. Cohen, the WCJ thoroughly reviewed Mr. Rossano's testimony in the findings of fact. (WCJ Decision, F.F. ¶11a-k.) Unlike the testimony given by Claimant and Dr. Cohen, the WCJ did not make an explicit determination of Mr. Rossano's credibility. However, the WCJ relied upon Mr. Rossano's testimony in determining Claimant's credibility. It is evident from the WCJ's discussion of the basis for rejecting Claimant's testimony that he accepted Mr. Rossano's testimony as credible. (*Id.*, F.F. ¶15b-c.)

The WCJ's findings of fact based on Mr. Rossano's testimony included a description of Claimant's position at F&M, explaining that all F&M officers are sworn police officers by the County of Lancaster. (*Id.*, F.F. ¶11c.) Based on Mr. Rossano's testimony, the WCJ found that Claimant had the potential for physical confrontations when making an arrest, but that Claimant's position involved a lot of investigative and administrative work. (*Id.* ¶11d.) Based on Mr. Rossano's testimony, the WCJ also found that when Mr. Rossano left F&M, Claimant did not look well and that Claimant appeared to be getting progressively

10

worse. (*Id*. ¶11f&j.) Yet, despite the possible physicality of Claimant's position and Mr. Rossano's concerns about Claimant's health, the WCJ, based on Mr. Rossano's testimony, found that Claimant was one of Mr. Rossano's best employees, that Claimant was very reliable and did his work well, that even when Claimant's condition appeared to worsen his performance was still very good, and that Mr. Rossano had never expressed concerns about Claimant's ability to perform his job and had consistently given him outstanding performance evaluations, stating that Claimant "exceeded expectations." (*Id*. ¶11e-f, h-i.) Overall, the WCJ determined that while Mr. Rossano's testimony showed that the F&M police had become a more professionalized force during Claimant's employment with F&M, Mr. Rossano's testimony did not offer support for Claimant's contention that his prior injury rendered him unable to continue at F&M because his duties at F&M had become akin to those of his preinjury position as a parole officer. As the finder of fact, the WCJ was required to consider and weigh the evidence offered by Mr. Rossano. The WCJ did so. The WCJ did not view Mr. Rossano's testimony in the same light as Claimant; this is not a failure to issue a reasoned decision, but a failure to reason as Claimant would have liked. The WCJ's decision as a whole is thorough, clear and leaves no question as to how the result was reached in this matter. 77 P.S. § 834.

Accordingly, we affirm the order of the Board.

_____
**JAMES GARDNER COLINS, Senior Judge**

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Carpenter, :
:
Petitioner :
:
v. : No. 2357 C.D. 2014
:
Workers' Compensation Appeal :
Board (Commonwealth of :
Pennsylvania), :
:
Respondent :

# **O R D E R**

AND NOW, this 12th day of August, 2015, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**